UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BLAS VAN HOVEN,

         Plaintiff,

  -against-

THE CITY OF NEW YORK and A.M.K.C.,

         Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2080 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Blas Van Hoven, *pro se*, brings this action against Defendants City of New York (the"City") and the Anna M. Kross Center ("AMKC"), a detention facility on Riker's Island, alleging violations of his constitutional rights during his pretrial detention at the AMKC in 2015. (*See* Am. Compl., ECF No. 7.) The City moves to dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14.) This matter was referred to Magistrate Judge Debra C. Freeman for general pretrial supervision, as well as to report and recommend on any dispositive motions. (ECF No. 8.)

  Before this Court is Magistrate Judge Freeman's August 21, 2018 Report and Recommendation (the "Report," ECF No. 40), recommending that the City's motion be granted as to Plaintiff's deprivation of medical care claim but denied as to his conditions of confinement claim, and that this Court *sua sponte* dismiss the AMKC as a party, because it is not an entity subject to suit.[1] (*Id.* at 35.) In her Report, Magistrate Judge Freeman advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 35–36.) The City filed timely objections. (Defs. Objs. ("Objs."), ECF No. 43.)

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

The City's objections are overruled, and the Report is ADOPTED.

## I.    **LEGAL STANDARDS**

### A. Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). The clear error standard also applies when a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (quoting *Rodriguez v. Colvin*, No. 12 Civ. 3931 (RJS) (RLE), 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014)). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Section 1983

Plaintiff's claims arise under 42 U.S.C. § 1983, which permits a civil action against any "defendant 'who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States].'" *Davis v. Shah*, 821 F.3d 231, 244 (2d Cir. 2016) (quoting 42 U.S.C. § 1983)). In *Darnell v. Pineiro*, the Second Circuit held that, to state a claim for "deliberate indifference to [a] 'serious

2

threat to . . . health or safety," such as a claim alleging "unconstitutional conditions of confinement" or "deliberate indifference to medical needs," a pretrial detainee must satisfy a "two prong" test. 849 F.3d 17, 33 & n.9 (2d Cir. 2017). The "objective prong" requires a "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* at 29 (conditions of confinement claim); *see also Isaac v. City of New York*, No. 17 Civ. 1021 (PGG), 2018 WL 1322196, at *3 (S.D.N.Y. Mar. 13, 2018) (deprivation of medical care claim). The "subjective prong" requires a showing that the defendant "acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 30. The "deliberate indifference" standard may be met by showing that the defendant "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant[] knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35; *see also id.* at 33 n.9 (noting that "deliberate indifference means the same thing for" both "claim[s] for deliberate indifference to medical needs" and claims for "unconstitutional conditions of confinement").

### C. *Monell* Liability

A plaintiff who satisfies *Darnell*'s two prongs has adequately pled a violation of his constitutional rights. *See id.* at 30. Under the Supreme Court's decision in *Monell v. Department of Social Services*, to impose liability on a municipality for such a violation, the "plaintiff must show that the violation of his constitutional rights was actually caused by a municipal policy, custom, or practice." *Ortiz v. City of New York*, 589 F. App'x 24, 25 (2d Cir. 2014) (citing *Monell*, 436 U.S. 658, 690–91 (1978)). "The necessary policy or custom . . . may be inferred from acts or omissions of a municipality's supervisory officials serious enough to amount to gross negligence or deliberate indifference to the constitutional rights of the plaintiff." *Villante v. Dep't of Corr.*,

3

786 F.2d 516, 519 (2d Cir. 1986). "Deliberate indifference may be inferred where 'the need for more or better supervision to protect against constitutional violations was obvious,' but the policymaker 'fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs.'" *Cash v. Cnty. of Erie*, 654 F.3d 324, 334 (2d Cir. 2011) (citations omitted).

## II. PLAINTIFF HAS STATED A CONDITIONS OF CONFINEMENT CLAIM

As described in further detail in the Report, Plaintiff alleges that he was held in an intake cell at the AMKC for four days that lacked running water and usable toilets and showers, was unsanitary and infested with cockroaches, and was overcrowded. (Report at 2–4; *see also* Am. Compl. at 4–5.) The City argues that Plaintiff has failed to satisfy *Darnell*'s objective prong because he "has not alleged sufficiently serious deprivations that were objectively serious enough to rise to the level of a constitutional violation." (Objs. at 9 n.2.) However, the City acknowledges that this argument was "discussed in Defendants' Memorandum of Law" in support of its motion to dismiss. (*Id.*) Thus, the City's objection to this aspect of the Report need only be reviewed for clear error. *See Stone*, 2018 WL 1581993, at *3. The Report correctly found that "Plaintiff's factual allegations regarding the severity of the unsanitary conditions to which he was exposed, together with the duration of his exposure, are sufficient to plead that the conditions constituted an objective constitutional deprivation."[2] (Report at 26.)

As to the subjective prong, the Report found that Plaintiff's "assertions that he made repeated complaints to multiple officers" and "description of the severity and duration of the claimed conditions give rise to a reasonable inference that the City knew or should have known

---

[2] The City asserts that the "absolute[ly] atrocious" and "grotesque" conditions in the cases upon which the Report relies, *Darnell* and *Willey v. Kirkpatrick*, 801 F.3d 51 (2d Cir. 2015), are distinguishable from the conditions alleged here. (Objs. at 9 n.2.) However, as the Report correctly found, "gradation[s] between the conditions of confinement at issue" in different cases "may speak to damages, not the absence of an objective constitutional deprivation." (Report at 23 (quoting *Darnell*, 849 F.3d at 37–38).)

4

about them." (Report at 28.) The Report further found that "the City . . . intentionally or recklessly failed to act with reasonable care to ameliorate risks that the conditions posed to Plaintiff's health and safety." (*Id.*)

The City contends that the Report's finding concerning what the City "'knew or should have known'. . . improperly reads the *Darnell* standard into the *Monell* test." (Objs. at 15.) However, the City is incorrect. After finding that Plaintiff had satisfied *Darnell*'s objective and subjective prongs, the Report made an additional finding that "Plaintiff's allegations are sufficient to plead a municipal policy, custom, or practice of deliberate indifference."[3] (Report at 28.)

The City asserts that Plaintiff fails to meet the standard for *Monell* liability, because he "does not claim that any policy-maker [sic] was aware of the alleged violations."[4] (Objs. at 12.) However, as the City acknowledges, Plaintiff alleges that the conditions of his confinement were "brung [sic] to the attention verbally to *whomever* John or Jane Doe that were available or present" at the facility where he was detained. (Am. Compl. at 4; *see also* Objs. at 12 (quoting same).) It is unclear whether any of the "John or Jane Doe[s]" Plaintiff refers to were policymaking officials. However, as the Report explains, "if the conditions in the intake cell were as foul as Plaintiff alleges, and if as many detainees were placed in that cell as Plaintiff describes, then it would be

---

[3] The City argues that Plaintiff has not pled that the constitutional violations he alleges "were sufficiently widespread and persistent to support a finding that they constitute a custom, policy, or usage of which supervisory authorities . . . must have been aware." (Objs. at 11–14.) However, the Report did not find that Plaintiff pled *Monell* liability on that basis.

[4] This Court's Order granting Plaintiff leave to amend found that Plaintiff's original complaint failed to state a *Monell* claim. (Order dated Dec. 1, 2016, ECF No. 6, at 4.) The City argues that Plaintiff's amended complaint "repeats the initial Complaint's *Monell* allegations" and, therefore, "it is the law of the case that Plaintiff's allegations concerning his conditions of confinement fail to state a claim against the City." (Objs. at 8.) However, Plaintiff has alleged additional facts in his amended complaint regarding his complaints to prison officials that do not appear in his initial complaint. (*See, e.g.*, Am. Compl. at 4 (alleging that Plaintiff's complaints were "brung [sic] to the attention verbally to *whomever* John or Jane Doe that were available or present in the [AMKC]").) Moreover, "[t]he law of the case doctrine is . . . discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013).

However, as the Report explains, "if the conditions in the intake cell were as foul as Plaintiff alleges, and if as many detainees were placed in that cell as Plaintiff describes, then it would be difficult to believe that officials in charge of overseeing the intake area would have lacked awareness of those conditions." (Report at 27.) Additionally, in a telephone conference regarding the motion to dismiss, Plaintiff asserted that he filed a grievance with the correctional facility about the conditions. (Transcript of Telephone Conference, ECF No. 31, at 23:23–24:1.)

As the Report notes, "the evidentiary record, once developed, may or may not support" Plaintiff's assertions. (Report at 29 n.14.) However, at this stage in the litigation, Plaintiff has adequately alleged that a policymaking official was aware of violations of his constitutional rights, and the City had a policy or practice of deliberate indifference to such violations. (*See id.* at 32.)

### III. PLAINTIFF FAILS TO STATE A DEPRIVATION OF MEDICAL CARE CLAIM

The Report correctly found that Plaintiff's deprivation of medical care claim fails to satisfy either of *Darnell*'s two prongs. (*Id.* at 29–35.) First, the Report correctly found that Plaintiff has not plausibly alleged that he was suffering from a medical condition "sufficiently serious," as he has not alleged that his health was at serious risk, that he was in extreme pain, or that he suffered any adverse health consequences from the denial of medical treatment itself. (*Id.* at 30–32.) Second, the Report also correctly found that Plaintiff does not allege that the City was deliberately indifferent to his medical needs, because he has not alleged any facts from which it can be inferred that officers at AMKC knew of his need for medical care. (*Id.* at 32–33.) The Report further correctly found that Plaintiff has failed to establish a basis for *Monell* liability for his deprivation of medical care claim, because he has not alleged that the deprivation of care was the result of the City's "policy, custom, or practice."[5] (*Id.* at 34.) Thus, the Report correctly concluded that

---

[5] The Report also correctly found that leave to further amend is not warranted, because this Court's Order granting leave to amend Plaintiff's original complaint informed him that he would need to allege a

6

Plaintiff has failed to state a claim against the City for unconstitutional deprivation of medical care. (*Id.* at 35.)

## IV. AMKC IS DISMISSED AS A PARTY

The Report correctly found that AMKC should be dismissed as a party, because it is not an entity subject to suit. (Report at 35); *see also Calderon v. AMKC C-95* ("As a part of the New York City Department of Corrections, an agency of the City of New York, the AMKC cannot be sued independently.") (citing *Lauro v. Charles*, 219 F.3d 202, 205 n.2 (2d Cir. 2000)).

Although AMKC Facility Warden Maxosline Mingo ("Mingo") is named as a defendant in the original complaint, she is not named as a defendant or otherwise mentioned in the amended complaint. (*See* Am. Compl.) Because the amended complaint is now the operative pleading, Mingo is no longer a defendant in this action. (*See* Order at 8 ("Plaintiff's amended complaint will completely replace, not supplement, the original complaint . . . .").) Accordingly, the City's request that Mingo be dismissed as a defendant in this action granted. (Objs. at 1 n.1.)

## V. CONCLUSION

The City's objections are overruled and Magistrate Judge Freeman's Report is ADOPTED. The City's motion to dismiss, (ECF No. 14), is GRANTED as to Plaintiff's deprivation of medical care claim and DENIED as to Plaintiff's conditions of confinement claim.

The Clerk of Court is directed to close the motion, and to dismiss Defendants AMKC and AMKC Facility Warden Maxosline Mingo from this action.

Dated: New York, New York
September 17, 2018

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge